IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Angela Faye Rodriguez, ) | |
| ) | Civil Action No. 8:16-173-HMH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| The Davis Funeral Home, ) | |
| ) | |
| Defendant. ) | |

The *pro se* plaintiff is a resident of Columbia, South Carolina. The defendant is a funeral home in Ridge Spring (Saluda County), South Carolina. This civil rights action arises out of a debt collection action originally filed by the defendant against the plaintiff in the magistrate court for Saluda County. According to the plaintiff, the case was transferred to the "Saluda County Civil Court" (Court of Common Pleas).

In the complaint, the plaintiff allege: (1) the Davis Funeral Home has filed a civil action as a continuous form of harassment, but cannot meet the standards of the burden of proof under South Carolina law (doc. 1 at 4); (2) the plaintiff has been denied a fair and speedy trial because the Saluda County magistrate court transferred the case to the "Saluda County Civil Court" (*id*.); (3) the transfer violated the Sixth and Fourteenth Amendments (*id*.); (4) "[t]his has become an immediate threat to all law society and the citizens of the United States as well as South Carolina" (*id*.); and (5) the plaintiff and all the citizens of South Carolina will suffer "damages and risks due to the non execution of ministerial acts, disobedience to federal laws of the presiding judges of the court without intervention of the United States District Court" (*id*.). In her prayer for relief, the plaintiff

writes: "I would like for this court to provide relief of hearing this case in original jurisdiction to provide me with a fair and speedy trial pursuant to motions filed in the Saluda County Court" (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A search of the Public Index on the Saluda County Clerk of Court website, http://publicindex.sccourts.org/Saluda/PublicIndex/PISearch.aspx (last visited on Jan. 20, 2016), reveals that the state court case is *Davis Funeral Home, Inc. v. Angela Rodriguez*, Case No. 2014-CP-41-0239, which was filed in magistrate court on May 30, 2014, as Case No. 2014CV4110100218, but given a Common Pleas docket number on October 8, 2014.  Various motions and a counterclaim are pending in Case No. 2014-CP-41-0239.  Case No. 2014-CP-41-0239 has been placed on the jury roster for the Common Pleas term of court beginning on Monday, February 29, 2016.

This federal court may take judicial notice of Case No. 2014-CP-41-0239. See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

2

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There is no federal question jurisdiction in this case because the defendant, a private business, has not acted under color of state law by filing a case in state court. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The filing of a suit in state court by a private citizen or private company does not constitute action under color of state law. *Anderson v. Posey*, Civil Action No. 2:10-3180-TLW-RSC, 2010 WL 6562897, at *3 (D.S.C. Dec. 23, 2010) (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991)), *adopted by* 2011 WL 1595265 (D.S.C. Apr. 27, 2011).

The corporation database on the South Carolina Secretary of State website (http://www.sos.sc.gov/, last visited on Jan. 20, 2016) reveals that Davis Funeral Home, Inc., is a domestic South Carolina corporation incorporated on February 11, 1987. As a result, there is no basis for diversity jurisdiction in the above-captioned case because both the plaintiff and the defendant are citizens of South Carolina. 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

The plaintiff may qualify for *in forma pauperis* status.  Even so, when a case is subject to summary dismissal or is frivolous, a district court may deny *in forma pauperis* status and dismiss the case, even though the litigant qualifies for *in forma pauperis* status solely based on the financial information provided to the court.  *See* 28 U.S.C. § 1915(e)(2)(B).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  It is also recommended that the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 3) be **denied**.  The plaintiff's attention is directed to the Notice on the next page.

January 21, 2016                                           s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).